IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Ava C. Artis, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 0:05-2622-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Jo Anne B. Barnhart, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on a motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). See 28 U.S.C. § 2412(d) (West Supp. 2006). Ava Artis ("Artis") seeks attorney's fees for services rendered in the above-captioned social security action in the amount of One Thousand Eight Hundred Forty-five Dollars ($1,845.00) (calculated at $150.00 per hour for 12.30 hours) and costs in the amount of Two Hundred Fifty Dollars ($250.00). The Commissioner objects to the request for attorney's fees and costs.

"A party who prevails in litigation against the United States is entitled to EAJA attorneys' fees upon timely petition for them if the government's position was not substantially justified and no special circumstances make an award unjust." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992) (internal quotation marks omitted). "[T]he test of whether or not a government action is substantially justified is essentially one of reasonableness." Smith v. Heckler, 739 F.2d 144, 146 (4th Cir. 1984). "In order to defeat an award, the government must show that its case had a reasonable basis both in law and fact." Id. "Substantially justified" means "justified in substance or in the main–that is, justified to a degree that could satisfy a

1

reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). "To be substantially justified means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve." Id. at 566 (internal quotation marks omitted).

In its November 2, 2006, order, the court adopted Magistrate Judge Bristow Marchant's Report and Recommendation remanding the case for further proceedings before the ALJ. The Commissioner did not object to the Report and Recommendation. The court remanded the case because the Administrate Law Judge ("ALJ") failed to include "the degree of Plaintiff's mental/emotional impairment in his hypothetical [to the vocational expert], and in particular a potential moderate impairment in Plaintiff's ability to maintain persistence, concentration, and pace . . . ." (Report and Recommendation 4.)

"At step three of the sequential five-step analysis found at 20 C.F.R. § 416.920 (1996), the ALJ is required to complete the Psychiatric Review Technique Form ["PRTF"] in order to assess a claimant's mental impairment in categories identified as the 'paragraph B' criteria of § 12.00 of the Listing of Impairments." Yoho v. Comm'r of Soc. Sec, No. 98-1684, 1998 WL 911719, at *3 (4th Cir. 1998) (unpublished). The Commissioner argued that the ALJ did not have to include Artis's mental limitations in the hypothetical question because they were the "paragraph B" criteria used to determine whether Artis met or equaled the Listing of Impairments and were therefore not a part of Artis's residual functional capacity ("RFC"). (Def.'s Mem. Supp. Comm'r's Decision 7.) Additionally, the Commissioner argued that "[b]y limiting [Artis] to unskilled jobs, the ALJ arguably took the moderate limitations on concentration, persistence, and pace into account." (Def.'s Mem. Opp'n Mot. Atty's Fees 4.)

The Commissioner now argues that it was substantially justified in arguing that the ALJ did not have to include Artis's mental limitation in the hypothetical question to the vocational expert. The court disagrees. "In questioning a vocational expert in a social security disability insurance hearing, the ALJ must propound hypothetical questions to the expert that are based upon a consideration of all relevant evidence of record on the claimant's impairment." English v. Shalala, 10 F.3d 1080, 1085 (4th Cir. 1993) (emphasis added). Further, the hypothetical questions must "fairly set out all of claimant's impairments." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). While "[t]here is no obligation . . . to transfer the findings under the PRTF verbatim to the hypothetical questions," the impairments found under the "paragraph B" criteria must be fairly represented in the hypothetical questions along with other impairments supported by the relevant evidence of record. Yoho, 1998 WL 911719, at *3 (holding the ALJ's hypothetical questions proper when they were supported by the evidence and not contradictory to the ALJ's findings under the "paragraph B" criteria). Further, the Commissioner's argument that the ALJ may have included Artis's mental limitations even though they were not included in the hypothetical questions to the vocational expert is mere speculation. Therefore, the Commissioner's position that Artis's mental limitations as determined under the "paragraph B" criteria could be omitted entirely from the hypothetical questions to the vocational expert was not substantially justified.

After a careful review of the record and the relevant case law, the court concludes that the Commissioner's position was not substantially justified and grants Artis's motion for attorney's fees and costs.

It is therefore

**ORDERED** that Artis's motion for attorney's fees under the EAJA, docket number 12, is granted, and Artis is awarded attorney's fees in the amount of One Thousand Eight Hundred Forty-five Dollars ($1,845.00) and costs in the amount of Two Hundred Fifty Dollars ($250.00).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
January 4, 2007